95 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Tin Yat CHIN, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 96-3176.
 United States Court of Appeals, Federal Circuit.
 Aug. 13, 1996.
 
 Before PLAGER, RADER and BRYSON, Circuit Judges.
 
 DECISION
 PER CURIAM
 
 1
 Tin Yat Chin petitions for review of the final decision of the Merit Systems Protection Board, Docket No. NY-0752-94-0374-I-2, upholding the decision of the Immigration and Naturalization Service to remove Chin. We affirm.
 
 BACKGROUND
 
 2
 Chin was an Immigration Inspector at John F. Kennedy Airport in New York. In March of 1993, Chin was indicted on seven counts of extortion for taking money from seven Chinese visitors who wanted to remain in the United States. Chin ultimately pleaded guilty to one of the seven counts and was sentenced to a term of imprisonment.
 
 
 3
 On April 4, 1994, the agency proposed that Chin be removed based on his criminal conviction, noting that Chin had committed the offense while acting in his official capacity as an Immigration Inspector. In response, Chin alleged that the agency had created a work environment at Kennedy Airport that was hostile to Chinese officers and that the hostile work environment had been a contributing factor in Chin's criminal conduct. The deciding official sustained the removal action, and Chin appealed that action to the Board.
 
 
 4
 After a hearing, the administrative judge affirmed the agency's action. The Board denied Chin's petition for review. This appeal followed.
 
 DISCUSSION
 
 5
 Chin does not dispute the charge against him or its nexus to the efficiency of the service. The only issue he raises on appeal is his contention that the penalty of removal was too harsh.
 
 
 6
 This court will not disturb an agency's choice of penalty unless the penalty is grossly disproportionate to the offense. Webster v. Department of the Army, 911 F.2d 679, 686 (Fed.Cir.1990), cert. denied, 502 U.S. 861 (1991). The administrative judge addressed the question whether the penalty was unreasonable in light of the factors set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 308 (1981). In particular, the administrative judge considered Chin's prior satisfactory performance, his expression of remorse, and his belief that he was harassed by other employees. After weighing those factors, the administrative judge concluded that the penalty, which was within the range of permissible penalties for his criminal conduct, was reasonable under all the circumstances.
 
 
 7
 We find nothing in the record to suggest that Chin's removal was disproportionately harsh. Chin was convicted of serious criminal conduct going to the integrity of his position as an Immigration Officer. There is nothing surprising about an agency's decision to remove an employee who has been convicted of using his office to obtain money by bribery or extortion.
 
 
 8
 Chin argues that he was subjected to a hostile working environment that included ethnic taunts based on his national origin, and that the hostile environment and ethnic antagonism to which he was exposed were "contributing factors that gradually led to [the] occurrence" of the criminal conduct for which he was prosecuted and removed. The administrative judge did not regard those factors as any excuse for the grave criminal acts that led to Chin's removal, and neither do we. Being subjected to ethnic slurs and taunts should, of course, be no part of any federal employee's working environment. But exposure to such conduct does not justify the commission of criminal acts of any sort, particularly criminal acts that appear to have no relation to the hostile environment in which Chin allegedly worked.